THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-CV-36

| | |
|---|---|
| JOSHUA FARMER, et al. ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| THE PALMETTO BANK, et al. ) | |
| ) | |
| Appellees. ) | |
| ) | |

This matter is before the Court upon the Appellants' Emergency Motion for Limited Stay of the Bankruptcy Proceedings [D.I. 3]. The Appellants are debtors (the "Appellants" or the "Debtors") in consolidated chapter 11 cases, who filed their voluntary joint petitions in the United States Bankruptcy Court for the Western District of North Carolina on April 5, 2010 (Case No. 10-40269). The Bankruptcy Court entered an order on May 10, 2010 administratively consolidating the individual cases. On November 15, 2010 the Debtors filed the First Amended Joint Disclosure Statement of Joshua and Andrea Farmer and Raymond and Diane Farmer Relating to First Amended Joint Plan of Reorganization Pursuant to Section 1125 of the Bankruptcy Code (the "Joint Disclosure Statement") and the First Amended Joint Plan of Reorganization Pursuant to Section 1121(a) of the Bankruptcy Code (the "Plan"). The Bankruptcy Court held a hearing on the Joint Disclosure Statement and the Plan on December 15, 2010. The Bankruptcy Court issued an order denying approval of the Joint Disclosure Statement on January 6, 2011 (the "Disclosure Statement Order"). On January 21, 2011 the Debtors filed a Notice of Appeal of the Disclosure Statement Order [D.I. 1] and a Motion for Leave to Appeal [D.I. 2] with this Court. On January 21, 2011 the Debtors petitioned the

Bankruptcy Court for a stay of proceedings pending appeal. The Bankruptcy Court denied the Debtors' request on January 24, 2011. The instant Motion followed.

The law regarding a motion for stay pending appeal of a bankruptcy decision is clear. The District Court has discretion to grant such motions, but the Fourth Circuit has held the movant must satisfy a four-prong test: (1) the movant will likely prevail on the merits of the appeal; (2) the movant will suffer irreparable injury if the stay is denied; (3) other parties will not be substantially harmed by the stay; and (4) public interest is served by granting the stay. See Long v. Robinson, 432 F.2d 977 (4th Cir. 1970)(discussing stay of district court orders); see also In re Deluxe Cleaners of Durham, Inc., No. 07-80327, 2010 WL 4810822 at *2 (Bankr. M.D.N.C. Nov. 17, 2010). A motion for stay pending appeal is analogous to a preliminary injunction because the movant requests an order not be given effect. In re Tolco Properties, Inc., 6 B.R. 490, 491 (Bankr. Va. 1980).

The issues presented in the Appellant's Brief in Support of Appellate Jurisdiction [D.I. 2] and in the Motion for Stay [D.I. 3] are complex and seemingly determinative in the bankruptcy proceeding. Moreover, the Appellants have made an initial showing of a potential of irreparable harm. Accordingly, the Court finds a short stay warranted for the Court to fully consider whether a longer stay is necessary, as well as the merits of the appeal itself. The Appellees are to file one response to the Motion to Stay by February 2, 2011 at 5:00 PM. After briefing, and an oral argument if the Court deems such argument necessary, the Court will determine whether to issue a longer stay for the duration of the appeal. In the interim, the execution and enforcement of the Disclosure Statement Order, proceedings in support or in furtherance of confirmation and any motions, actions or proceedings that would divest the estate of property of the estate are stayed pending further order from this Court.

To ensure that the appeal itself moves along in a timely fashion during pendency of the Motion to Stay, the Appellees are directed to file one response to the Motion for Leave to Appeal by February 11, 2011 at 5:00 PM. The Appellants will be permitted one response, due on February 18, 2011 at 5:00 PM. The Court will then schedule oral arguments on the merits of the appeal. The Bankruptcy Administrator is invited, but not required, to file papers setting forth her position on the matters at hand.

**SO ORDERED.**

Signed: January 25, 2011

Graham C. Mullen
United States District Judge